This is a suit to set aside conveyances of premises owned by the defendants Bolton, as being in fraud of creditors. Complainant is the assignee of a judgment entered November 23d 1931, on a bond given by the Boltons and Samuel Subotnik and his wife to Jerry Sanders, who obtained the judgment. The bond was executed in August, 1930, and payable in one year. During this year, and on the 18th of May, 1931, the Boltons conveyed the premises in question to defendants Jacob and Celia Lapoff, who a few weeks later, conveyed the premises to Harry Frumovitz, who, in turn, conveyed to defendant Harana Realty Company. The Lapoffs are sister and brother-in-law of the Boltons and Harry Frumovitz is their son-in-law. Defendant Bolton has lived in the premises ever since these conveyances were made and from September 1st, 1931, collected the rents therefrom, and according to his answer to an interrogatory, stated that he accounted to defendant Frumovitz individually and as an officer of the Harana Realty Company. From his answer to another interrogatory, it appears that he had no other property out of which to pay the judgment.
These suspicious circumstances require explanation which, in my opinion, the defendants have not satisfactorily done. After the suit was set down for hearing, defendants obtained leave to amend the answer by setting up payment by Subotnik as an additional defense. He testified as to certain payments he made to Sanders, but his evidence was confused and contradictory and not at all convincing. In addition, substantially all the alleged payments on account of the bond were made before the judgment in the law courts thereon and accordingly are res judicata on this issue.
Defendants allege that Jacob Lapoff paid $4,300 for the property and as evidence thereof produced two checks by Lapoff, aggregating that amount. No satisfactory explanation was given as to where the money came from to make these checks good and it is a suspicious circumstance that about the time of the cashing of the checks Bolton withdrew substantial sums from a bank account he then had. Bolton's *Page 525 
explanation of what became of the $4,300 is also suspicious. In answer to an interrogatory he stated that part of the sum was used for payment of current expenses and part was given to the defendant Harry Frumovitz for his business. It is this same Harry Frumovitz who took title from Lapoff and then conveyed the premises to the corporation owned and controlled by him, taking in payment thereof, stock in his own corporation.
I accordingly find that the various conveyances were made in fraud of complainant's assignor and that they are to be set aside.