This is a suit brought by a judgment creditor of defendant Regina Schoenbrun, to set aside a conveyance to the defendant Hamburger. The facts show many of the familiar sign posts pointing towards a fraudulent conveyance. By the conveyance, Mrs. Schoenbrun divested herself of her last remaining asset, having a few months previously drawn all the money in her bank account and spent it. The conveyance was made soon after notice to her that she was about to be sued, and was made to her nephew. There is considerable doubt as to whether there was actually any consideration for the conveyance, and taking the most favorable of the many versions she gave as to the transaction, the consideration, if any, did not go to her but to one of her husband's creditors. She and her husband continued to reside on the premises. *Page 46 
She did not testify at the hearing, but there was introduced in evidence her testimony in proceedings supplementary to execution. Her testimony was evasive and contradictory. She first denied that she ever owned the premises in question. She says she got no cash for the property, then she said she got cash for it; then she said she got a check which she deposited in the bank, and then admitted that she had no bank account at that time.
The attempt on the part of defendant Hamburger to show the good faith of the transaction on his part is not convincing. He is an accountant, yet he never made any record of the alleged payment of rents by his aunt and uncle for their occupancy of the premises since the conveyance, and also was unable to show that it went to his bank account. He was unable to show by any of his records that he had provided the purchase price and stated that he had taken cash from his vault although he stated that he could not remember whether it was his practice to keep money there.
The facts and circumstances are very similar to those in the recent case of Weinberg v. Bolton, 120 N.J. Eq. 523. The defendants here have failed to satisfactorily explain the suspicious circumstances referred to, and I accordingly find that the conveyance was made in fraud of complainant and a decree setting it aside will be advised. *Page 47